O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

term #11/13
js-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-3477 PSG (SSx) | Date | July 2, 2009 |
|---|---|---|---|
| Title | Edgar Geovani Pacheco Diaz v. Target Corporation | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):　　　　Attorneys Present for Defendant(s):

　　　　Not Present　　　　　　　　　　　　　　Not Present

**Proceedings:**　　(In Chambers) Order Remanding Case

　　　　Plaintiff Edgar Geovani Pacheco Diaz ("Diaz"), a California citizen, filed this action in the Los Angeles County Superior Court on March 25, 2008.  Then, on May 15, 2009, defendant Target Corporation ("Target") timely removed this action to this Court on the basis of diversity jurisdiction.  In its Notice of Removal, Target alleges that, at all times relevant, it was a Minnesota corporation with its principal place of business in Minnesota.  Because Target has a substantial business presence in the State of California, the Court issued an Order to Show Cause re Remand ("OSC") to determine whether California is more appropriately considered Target's principal place of business.  Target's response to that OSC is the subject of this Order.

　　　　In order to properly remove a case on the basis of diversity, a defendant must establish, inter alia, that complete diversity exists.  *See Strawbridge v. Curtiss* ,7 U.S. (3 Cranch) 267 (1806); *see also McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936) (observing that the party asserting jurisdiction has the burden of proving all jurisdictional facts).  A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has a principal place of business."  28 U.S.C. § 1332(c)(1).  In determining a corporation's principal place of business, federal courts generally use one of two tests.  *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001).  The "'place of operations test' locates a corporation's principal place of business in the state which 'contains a substantial predominance of corporate operations.'"  *Id.* (quoting *Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990)).  The "nerve center test," by contrast, "locates a corporation's principal place of business in the state where the majority of its executive and administrative functions are performed."  *Tosco*, 236 F.3d at 500.  In this circuit,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

term #11/13
js-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-3477 PSG (SSx) | Date | July 2, 2009 |
|---|---|---|---|
| Title | Edgar Geovani Pacheco Diaz v. Target Corporation | | |

the "place of operations test" applies unless the corporate party's "activities do not substantially predominate in any one state." *Id.*

"When quantifying corporate activity to determine a corporation's principal place of business, one must keep in mind that the purpose of diversity jurisdiction is to avoid the effects of prejudice against outsiders. Thus, the principal place of business should be the place where the corporation conducts the most activity that is visible and impacts the public, so that it is least likely to suffer from prejudice against outsiders." *Industrial Tectonics,* 912 F.2d at 1094 (citations omitted).  The factors relevant to this inquiry are the location of employees, tangible property, production activities, as well as the locations where income is earned, purchases are made, and sales take place.  *Id.*

According to Target, because its "activities do not substantially predominate in any one state," the Court should resort to the nerve center test.  Under that test, Target's principal place of business would undoubtedly be Minnesota, for that is where Target's executive and administrative functions are located, and where the vast majority of its executive and administrative employees work.  *See Malatesta Decl.* ¶ 4 & Ex. A (indicating that 83.21% of its executive and administrative employees work in Minnesota).  However, as explained in more detail below, the Court finds that Target's activities do in fact "substantially predominate" in California and, therefore, the nerve center test is inapplicable in this case.[1]

A review of the *Tectonics* factors shows that, despite Target's arguments to the contrary, its activities do "substantially predominate" in California.  Beginning first with the location of employees, 53,304 out of 336,022 of Target's employees, or 15.86% of its employees, can be found in California.  *Id.*  By contrast, Minnesota, which is the state where the next greatest percentage of Target's employees can be found, has only 28,397 employees, or 8.45% of Target's workforce.  *Id.*  Texas is next with 25,660, or 7.64%, with Florida following closely behind with 21,004, or 6.25%.  *Id.*  Thus, Target has significantly more employees in California as it does in the next closest state.

---

[1] Before proceeding further, though, the Court notes that noticeably absent from Target's Response is any argument or evidence on two of the six *Tectonics* factors: the location where its purchases are made and the location of its production activities.  This fact alone is sufficient reason to find Target's Response to be inadequate, thereby making remand appropriate.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

term #11/13
js-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-3477 PSG (SSx) | Date | July 2, 2009 |
|---|---|---|---|
| Title | Edgar Geovani Pacheco Diaz v. Target Corporation | | |

Similarly, Target has significantly more property and stores in California than it does in any other state. 14.15% of Target's tangible properties and 14.12 % of its stores can be found in California. *Id.* By contrast, only 8.59% of its tangible properties and 8.6% of its stores can be found in Texas. *Id.* Not far behind Texas is Florida, which houses 7.23% of Target's tangible properties and 7.32% of its stores. *Id.* However, far behind Florida is Illinois, which is where only 4.9% of Target's tangible properties and 4.95% of its stores are located. *Id.*

Lastly, the Court considers the location where Target's income is earned and its sales take place.[2] California is where 16.63% of Target's income is earned and its sales take place. Target does significantly more business in California than in Texas, which is the state where the next largest percentage of Target's income is earned and its sales take place. Only 8.29% of Target's income is earned and its sales take place in Texas. Next is Florida with 6.88% and then, coming in fourth, is Minnesota with 5.23%.

The Court's finding that California is the place where Target's activities "substantially predominate" is consistent with the Ninth Circuit's recent decision in *Davis v. HSBC Bank Nevada, Best Buy Stores, L.P.*, 557 F.3d 1026 (9th Cir. 2009). In *Best Buy*, the district court, applying the place of operations test, concluded that California was Best Buy's principal place of business because California had 15% more stores, 40% more employees, and 46% more sales than Texas, the second highest state. *Id.* at 1029. The Ninth Circuit, however, disagreed with the district court's conclusion, reasoning that while it was clear that California's operations predominated over its operations in other states, the court could not say with certainty that these operations "substantially" predominated over Best Buy's operations in other states. *Id.*
In contrast to Best Buy, Target has approximately 65% more tangible property, 69% more stores, 87% more employees, and 100% more sales than any other state. In other words, Target leads in every relevant category, which was not the case with Best Buy. Perhaps more importantly, this Court believes that given Target's substantial presence in California when compared to its presence in other states, it is least likely to suffer prejudice here and, therefore, is properly considered a citizen of California. *See Best Buy*, 557 F.3d at 1029 ("The term 'substantially' must be defined with an eye to ensuring that a corporation is a citizen of the place in which it is least likely to suffer prejudice.").

---

[2] As Target is a retailer whose income is derived primarily from selling goods to the public, these two inquiries merge.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**term #11/13**
**js-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3477 PSG (SSx) | Date | July 2, 2009 |
|---|---|---|---|
| Title | Edgar Geovani Pacheco Diaz v. Target Corporation | | |

     Therefore, the Court finds that Target's principal place of business is in California. As this finding destroys complete diversity, remand to state court is proper. Accordingly, the Court hereby REMANDS this matter.

     **IT IS SO ORDERED.**